UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY VLAHEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV1945 CDP |
| | ) | |
| MOTO GRILLE INVESTORS, LLC, | ) | |
| d/b/a TRIUMPH GRILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action, recently removed from Missouri state court, is before me on my own review for jurisdiction. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

Plaintiff filed this case in the Circuit Court of the City of St. Louis, Missouri, on October 15, 2014. In his petition, plaintiff alleged he is a "resident of the State of Illinois" and makes no claims as to the citizenship of the defendant, Moto Grille Investors, LLC. Defendant removed the case on November 19, 2014,

asserting diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a)(1), 1441(a).  In that

petition, defendant alleges that it is a citizen of Missouri.

A defendant seeking to "invoke federal jurisdiction through removal

. . . bears the burden of proving that the jurisdictional threshold is satisfied."  *Bell*

*v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  Removal statutes are strictly

construed, and any doubts about the propriety of removal are resolved in favor of

remand.  *Wilkinson v. Shakelford*, 478 F.3d 957, 963 (8th Cir. 2007).

For diversity jurisdiction to attach, the lawsuit must be between citizens of

different States and the matter in controversy must exceed the sum of $75,000.  28

U.S.C. § 1332.  The removal statute prohibits removal from state to federal court

on the grounds of diversity where the removing defendant is a citizen of the forum

state.  28 U.S.C. § 1441(b) ("A civil action otherwise removable solely on the basis

of the jurisdiction under section 1332 (a) of this title may not be removed if any of

the parties in interest properly joined and served as defendants is a citizen of the

State in which such action is brought.").

In its notice of removal, defendant LLC does not allege the citizenship of its

members, which is normally necessary to determine an LLC's citizenship.  *See*

*GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828

(8th Cir. 2004).  Defendant does, however, summarily state that it "is a citizen and

resident of the State of Missouri . . . ."  This raises a question as to this court's

subject-matter jurisdiction, because the suit was filed in Missouri state court and defendant claims citizenship of that state. On the face of its own removal papers, defendant has shown that removal is improper, *see* § 1441 (b), and so I will remand the case *sua sponte*.

Accordingly,

**IT IS HEREBY ORDERED** that this is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 21st day of November, 2014.